

FILED

**NOT FOR PUBLICATION**

JUL 26 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NIKKO MATERIALS USA, INC., DBA Gould Electronics, Inc., <br><br> Plaintiff - Appellee, <br><br> v. <br><br> NAVCOM DEFENSE ELECTRONICS INC., a corporation, <br><br> Defendant - Appellant, <br><br> HYRUM JARVIS, an individual, Erroneously Sued As HTJ Trust, <br><br> Defendant. | No. 11-57004 <br><br> D.C. No. 2:05-cv-04158-JFW-VBK <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted May 10, 2013
Pasadena, California

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: PREGERSON and FISHER, Circuit Judges, and DANIEL, District Judge.[**]

NavCom Defense Electronics appeals the November 3, 2011 judgment of the district court awarding $2.7 million for response costs to Gould Electronics. In particular, NavCom appeals the district court's order denying its motion to consider Gould's insurance settlements in its calculation of a money judgment. We hold that the district court properly denied NavCom's motion to consider the insurance settlements because NavCom failed to present the argument to the district court in a timely manner. We therefore affirm the judgment as well.

NavCom waived its contention that it was entitled to offsets for settlement proceeds obtained by Gould between 1994 and 2001 by raising the issue for the first time in November 2010. The parties' liability for Gould's pre-July 31, 2006 CERCLA response costs, including any offsets to which NavCom was entitled, was litigated in a bench trial in December 2006. The district court entered a final judgment on those liability issues in 2007. We affirmed that judgment in 2009. NavCom did not raise this issue until 2010, during a proceeding addressing the parties' liability for Gould's post-July 31, 2006 response costs. NavCom's actions, therefore, were plainly untimely.

---

[**]The Honorable Wiley Y. Daniel, Senior United States District Judge for the District of Colorado, sitting by designation.

NavCom's argument that it first learned about the settlement proceeds in 2007 is belied by the record. The record shows that NavCom was aware of the settlement proceeds in 2006, before the bench trial and long before the judgment became final.

*K.C. 1986 Ltd. Partnership v. Reade Manufacturing*, 472 F.3d 1009 (8th Cir. 2007), does not support NavCom's position. *K.C. 1986* involved a delay of only a few months, and the offsets were asserted before entry of judgment, while the district court retained discretion to receive additional evidence and modify its interlocutory orders. *See id.* at 1017-18. Here, by contrast, NavCom attempted to raise a new argument more than three years after final judgment.

NavCom's reliance on *Cal-Almond, Inc. v. Department of Agriculture*, 67 F.3d 874 (9th Cir. 1995), *vacated*, 521 U.S. 1113 (1997), is also misplaced. In *Cal-Almond*, the Department of Agriculture was permitted to raise an argument regarding offsets for the first time on remand from this court because it was not until remand that the district court first considered the appropriate monetary relief for the Department's violation of the plaintiffs' First Amendment rights. *See id.* at 880 ("[I]t was not until our remand that the specifics of fashioning remedial relief came into focus."). Here, by contrast, the offset issue was squarely presented and fully litigated in 2006.

3

In sum, we hold that the district court abused its discretion by holding that NavCom did not waive this argument. *See Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1141 (9th Cir. 1999) (reviewing waiver for an abuse of discretion); *L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) (same).[1] Because NavCom waived its offset argument, the district court properly denied NavCom's motion to consider Gould's insurance settlements in its calculation of a money judgment. Although the district court denied the motion based on collateral estoppel, rather than waiver, we may affirm on any ground supported by the record. *See Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001). We therefore affirm the order and judgment appealed from.

**AFFIRMED.**

---

[1] NavCom erroneously contends that under *CBS, Inc. v. Merrick*, 716 F.2d 1292, 1295 (9th Cir. 1983), we review for clear error. NavCom confuses a district court's finding regarding the factual existence of *contractual waiver*, which is reviewed for clear error, with a district court's conclusion regarding discretionary waiver of an issue or claim by failure to timely assert it in litigation, which is reviewed for abuse of discretion.